**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JON HumISD DOE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **HUMBLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| **Defendant.** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff **JON HumISD  DOE** to file this "Plaintiff's

Original Complaint" against the Defendant as follows:

### PREAMBLE

*Plaintiff Jon was a student attending Defendant Humble-ISD with strong educational drives and college as an integral part of Jon's future. Most unfortunately, Defendant took intentional acts to bully and target Jon and allowed other students to physically assault, bully, and target Jon. After pursing the non-judicial remedies available (only to be rejected by Defendant), Plaintiff now seeks damages for the harm caused by Defendant.*

## A.  NATURE OF THE SUIT

1.     Plaintiff Jon (defined hereafter) is a male who was a student

attending Defendant Humble-ISD (defined hereafter) with a direct path to

college and a life without any foreseeable pain or anxiety resulting from

bullying and Physical and Intimate. Jon's future, however, was forever changed due to the physical and intimate assaults, bullying, and targeting of Jon by students under the supervision of Humble-ISD, and the direct retaliation against Jon, by administrators and educators employed by Defendant Humble-ISD, which allowed Jon to be continually physically and intimately assaulted by other students, while Jon's school administrators did nothing except join in the bullying, targeting and watched. As a result of such intentional bullying, targeting, retaliation, and physical and intimate assaults, Jon's future career and employment opportunities are now forever limited while Jon continues to struggle with what can only be described as PTSD, and other physical ailments, stemming from the physical and intimate assaults, bullying, and targeting. For years now, Jon has contemplated suicide as a result of the foregoing.

2.      Plaintiff Jon now files this original action for damages pursuant to:

(a)      20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972); and

(b)      42 U.S.C. § 1983 as to:

Defendant Humble-ISD's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution.

### B.  **PARTIES**

3.     Plaintiff **JON HuISD DOE** ("Jon") is an individual residing in the State of Texas. Because of the privacy issues created by the physical and intimate assaults committed and allowed against, Jon is hereby exercising Jon's rights to proceed with this matter anonymously.

4.     The need to protect the identity of Plaintiff Jon does not hinder the defense of this matter by Defendant Humble-ISD, for the facts are well known to the Defendant Humble-ISD. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to a defendant, the protection of Jon's privacy prevails.

5.     At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jon, Jon's identity shall be disclosed.

6.     Defendant  **HUMBLE   INDEPENDENT   SCHOOL DISTRICT** ("Humble-ISD") is a public school district operating in the State of Texas as a political subdivision of the state of Texas, receives federal funding, and may be served with summons by serving the Superintendent as follows:

**Dr. Elizabeth Fagen, Superintendent**
**HUMBLE INDEPENDENT SCHOOL DISTRICT**
**10203 Birchridge Drive**
**Humble, Texas 77338**

## C.  <u>JURISDICTION</u>

7.      This Court has original jurisdiction over this matter pursuant as involving a *federal question* proceeding arising under:

    (a)     20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX"); and

    (b)     42 U.S.C. § 1983 ("Section 1983") as to:

        Defendant Humble-ISD's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution.

8.      Further, this Court may exercise supplemental jurisdiction over Plaintiff Jon's negligence claims arising under Texas law pursuant to 28 U.S.C. § 1367.

## D.   <u>VENUE</u>

9.      Venue for this action is proper in the Southern District of Texas, Houston Division, in that all or a substantial portion of the acts or omissions complained of herein occurred in Harris County, Texas, which is within the Houston Division.

### E.    FACTUAL ALLEGATIONS

#### *Who is Plaintiff Jon?*

10.    Plaintiff Jon is presently an adult, but was at all times relevant to the claims and causes of action asserted herein was a student enrolled with Defendant Humble-ISD.

11.    Plaintiff Jon had a heart as large as the Blue-Sky above him and never was involved with drugs or alcohol.

12.    As a young boy and young man, Plaintiff Jon always went out of his way to be helpful.

13.    Most likely, Plaintiff Jon, in addition to being a very kind young man, learned by watching his parents, in caring for others.

14.    Most unfortunately, Defendant Humble-ISD had other plans for Plaintiff Jon which have permanently harmed Jon.

#### *Physical and Intimate Assaults, Bullying, Targeting, and Retaliation.*

15.    While attending Defendant Humble-ISD, Plaintiff Jon became the victim of verbal and physical bullying, including physical and intimate assaults by other students attending Defendant Humble-ISD.

16.    With the apparent knowledge of Defendant Humble-ISD, other boys would physically grab and intimately assault Jon (hereafter, the "Physical and Intimate Assaults").

17.    In addition to the Physical and Intimate Assaults by the other students, the boys would ridicule, taunt, and make fun of Jon on a regular basis ("Bullying and Targeting").

18.    The Physical and Intimate Assaults, Bullying, and Targeting of Plaintiff Jon occurred in various places within the school grounds where Plaintiff Jon attended school with Defendant Humble-ISD.

19.    Throughout Plaintiff Jon's suffering of the Physical and Intimate Assaults and the Bullying and Targeting, Jon's parents had numerous discussions with the educators and administrators of Defendant Humble-ISD about how Jon was being treated by the other boys. Such discussions were held with educators and administrators that were the educational supervisors over the boys harming Jon.

20.    Although Plaintiff Jon's own educational supervisors had actual knowledge of the Physical and Intimate Assaults, Bullying and Targeting, none ever did anything to protect Jon or even meaningfully investigate the Physical and Intimate Assaults, Bullying, and Targeting of Jon. However, Jon's educational supervisor's did say that they would keep Jon safe at school.

21.    Rather, as hereafter described, several of the Plaintiff Jon's educational supervisors lied to Jon's parents about the rights such parents

had in these matters, lied as to Defendant-ISD's policies as to these matters, and retaliated against Jon and his parents.

22.     The harm inflicted upon Plaintiff Jon by the Physical and Intimate Assaults, Bullying, and Targeting committed by Jon's peers combined with the described actions, omissions of Defendant Humble-ISD have emotionally and economically harmed Jon forever. For the purposes hereof, the Physical and Intimate Assaults, Bullying, Targeting as well as the referenced acts, omissions, and retaliation committed by Defendant Humble-ISD may be collectively referred to here as the "Injuries."

23.     Plaintiff Jon has suffered severe physical and emotional harm as a result of the Injuries.

24.     Having to endure the Injuries, Plaintiff Jon was denied the full educational opportunities otherwise available to Jon while enrolled with Defendant Humble-ISD.

25.     Notwithstanding that Plaintiff Jon continues to do the best Jon possibly can, notwithstanding the deep depression and continuing anxiety Jon is experiencing as a result of the Injuries by Defendant Humble-ISD, Jon's future educational and professional career have been forever negatively altered.

### *Defendant Humble-ISD's Deliberate Indifference towards Jon.*

26.    Notwithstanding (a) the referenced Texas Education Code which creates certain rights to Plaintiff Jon which were denied by Defendant Humble-ISD, and (b) Defendant Humble-ISD's own Board Policy against bullying found at Defendant Humble-ISD Board Policies FFI (Legal) and FFI (Local), Defendant Humble-ISD did nothing to help prevent or even investigate the Injuries suffered by Jon.

27.    Defendant Defendant-ISD took overt actions to conceal, cover-up, and otherwise bury the Injuries inflicted upon Plaintiff Jon. Upon information and belief, such actions were predicated upon the numerous other bullying and Physical and Intimate assaults being suffered by students of Defendant Humble-ISD during the times relevant hereto, and Defendant Humble-ISD's efforts to prevent the public at large from knowing what was really going on.

### *Defendant Humble-ISD's Action Under the Color of State Law.*

28.    Plaintiff Jon's parents pursued all the grievance steps required by Defendant Humble-ISD, including even a hearing before the Board of Trustees ("Board") of Defendant Humble-ISD.

29.    Defendant    Humble-ISD's    referenced    administrators participating and causing the Injuries to Plaintiff Jon are the applicable

persons delegated with implementing the policies and customs of Defendant Humble-ISD.

30.    By so blatantly and continuously refusing to follow (a) the referenced Texas Education Code victim rights granted Plaintiff Jon, and (b) its Board's own policies as to bullying, it is empirically impossible to believe that Jon's Educational Supervisors were not actually implementing a Board policy to ignore and cover up bullying and the other Injuries suffered by Jon. A simple review of the Board's executive sessions held as to bullying, targeting, and intimate assault claims can most likely confirm the foregoing.

31.    Further, the Board of Defendant Humble-ISD adopted and ratified the acts and omissions of educators and administrators that allowed Plaintiff Jon to suffer the Injuries, thereby creating a custom and policy of allowance within Defendant Humble-ISD.

### *Administrative Remedies.*

32.    Although there are no administrative remedies required prior to seeking relief under the laws being invoked herein by Plaintiff Jon, as referenced, Jon did, in fact, attempt to pursue all administrative remedies known to Jon and Jon's parents. However, all efforts were to no avail.

33.    Defendant Humble-ISD does receive funding from the United States of America.

34.    As a result of the foregoing described actions committed by Defendant Humble-ISD against Plaintiff Jon, Jon was forced to engage an attorney and pursue this action to redress such wrongs.

35.    All conditions precedent to the filing of this lawsuit have occurred.

## F.    PLAINTIFF'S CAUSES OF ACTION

36.     Plaintiff incorporates by reference the facts set forth in Article E: FACTUAL ALLEGATIONS hereof.

## COUNT ONE- TITLE IX VIOLATIONS

37.    The Injuries inflicted and allowed by Defendant Humble-ISD are so severe, pervasive, and objectively offensive that Plaintiff Jon has been deprived access to educational opportunities and benefits provided by Defendant Humble-ISD in violation of Title IX.

38.    Defendant Humble-ISD failed to protect Plaintiff Jon from the Physical and Intimate and related Bullying (being a significant part of the Injuries) in violation of Title IX.

39.    Defendant Humble-ISD had actual knowledge of the Injuries yet did nothing to provide the needed protection, medical, mental, and

emotional assistance that Plaintiff Jon required, such acts and omissions being a violation of Title IX. Further, the actions of Defendant Humble-ISD were intentional acts of deprivation.

40.     Defendant Humble-ISD's act and omissions resulting in the Injuries gave the students causing the Physical and Intimate, Bullying, and Targeting preferential treatment, in violation of Title IX, thereby encouraging such wrongful actions.

41.     Defendant Humble-ISD's referenced actions which allowed for, and enhanced, the Injuries to Plaintiff Jon committed during Defendant Defendant-ISD's effort to cover-up the Physical and Intimate is a violation of Title IX.

42.     Defendant Humble-ISD's failure to offer Plaintiff Jon meaningful procedures to address the Injuries suffered by Plaintiff Jon is a violation of Title IX.

43.     Defendant Humble-ISD engaged in a pattern and practice of behavior designed to discourage and dissuade students who had been harassed or physically and intimately assaulted from seeking prosecution and protection, and, from seeking to have intimate harassment fully investigated, in violation of Title IX.

44.     Defendant Humble-ISD Boards' custom and practices to cover up acts such as the Injuries constitute disparate treatment of students (including Plaintiff Jon) and has had a disparate impact on students (including Plaintiff Jon), in violation of Title IX.

45.     Plaintiff Jon has suffered severe and long term emotional distress and psychological damage, as a result of the violations of Title IX set forth herein committed by Defendant Humble-ISD.

46.     Defendant Humble-ISD's referenced conduct toward Plaintiff Jon, in violation of Title IX, has caused Plaintiff Jon to suffer a loss of educational opportunities, benefits, prestige, and economic hardship.

47.     Defendant Humble-ISD's referenced illegal conduct toward Plaintiff Jon, in violation of Title IX, has caused Plaintiff Jon to suffer severe mental and emotional distress, entitling Jon to compensatory damages (actual and consequential) pursuant to Title IX, for which Plaintiff Jon now sues.

## COUNT TWO: 42 U.S.C. § 1983

48.     Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation

> of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in
> equity, or other proper proceeding for redress…"

49.     The facts set forth herein demonstrate that Plaintiff Jon has been deprived of Jon's (a) right to bodily integrity guaranteed by the 14th Amendment to the U.S. Constitution, (b) substantive and procedural due process rights to redress Jon's Injuries as such rights are  guaranteed by the 14th Amendment to the U.S. Constitution, (c) equal protection rights guaranteed by the 14th Amendment to the U.S. Constitution, and (d) to exercise his First Amendment rights to publically seek redress for wrongs, free of fee of retaliation, such foregoing deprivations being actionable under 42 U.S.C. § 1983.

50.     Pleading further, Defendant Humble-ISD, having been notified of the specific facts and circumstances pled herein yet doing nothing to remedy or prevent the Injuries, has ratified, and affirmed the acts and omissions of Defendant Humble-ISD.

51.     Plaintiff Jon has been directly and proximately harmed by the Defendant Humble-ISD's Injuries as pled herein, and has suffered damages for violations of the constitutional rights, including but not limited to physical pain and mental anguish, medical expenses, and loss of opportunity in future educational and professional endeavors.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    13

52.    Plaintiff Jon, therefore, now seeks compensatory damages from Defendant Humble-ISD pursuant to 42 U.S.C § 1983, as well as attorneys' fees pursuant to 41 U.S.C. § 1988.

## COUNT THREE-NEGLIGENCE

53.    The facts set forth herein as to Plaintiff Jon further show that Defendant Humble-ISD intentionally, or negligently, caused and allowed the Injuries to be inflicted upon Jon.

54.    Further, the facts set forth therein show that acts and omissions of Defendant Humble-ISD directed towards Plaintiff Jon were negligent, in that Defendant Humble-ISD failed its duty of care to meet the standards of conduct that would be exercised by a reasonable person in the same or similar circumstances.

55.    As a direct and proximate result of Defendant Humble-ISD's acts and omissions, Plaintiff Jon has suffered the Injuries, including but not limited to physical pain and mental anguish, medical expenses, and loss of opportunity in future educational and professional endeavors. Plaintiff Jon, therefore, now seeks compensatory damages for such injuries.

56.    Although Texas law does create rights of immunity for school districts with regard to acts and omissions of negligence by school districts, Texas jurisprudence also allows a waiver of such immunity when the

applicable district had actual knowledge of such potential harm yet did nothing to prevent such harm, such as Defendant Humble-ISD.

## COUNT FOUR: PUNITIVE DAMAGES

57.   Defendant Humble-ISD's actions against Plaintiff Jon in violation of Title IX and Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's federally protected rights, thereby entitling Jon to punitive damages pursuant to Title IX and Section 1983, for which Plaintiff Jon now seeks.

## COUNT FIVE: POST JUDGMENT INTEREST

58.   Plaintiff Jon also requests post judgment interest as may be allowed by applicable law.

## COUNT SIX: ATTORNEYS' FEES

59.   Plaintiff Jon should be awarded Plaintiff Jon's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## G.   REQUEST FOR JURY

60.   Plaintiff has previously requested that a jury be empaneled and that the foregoing causes of actions and requests for relief be presented thereto.

## H.     PRAYER FOR RELIEF

61.     WHEREFORE, PREMISES CONSIDERED, Plaintiff Jon prays that upon final consideration of this matter that Plaintiff Jon have judgment against Defendant Humble-ISD for:

  a.  Monetary (compensatory and punitive) damages;

  b.  Reasonable and necessary attorneys' fees;

  c.  Pre and post judgment interest as might be allowed;

  d.  Taxable expenses of litigation and costs of court; and,

  e.  Post-judgment interest at the maximum lawful rate.

62.     Plaintiff Jon further prays that Plaintiff Jon receive such other and further relief to which Jon may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By:_____

Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (214) 802-3477 (DIRECT)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
JON HumISD  DOE**